UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE MELLEMS,

    Plaintiff(s),

vs.

EDMUND BROWN et al.,

    Defendant(s).

No. C 09-3428 MHP

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND TRANSFERRING ACTION**

    Plaintiff filed this action claiming a denial of her "14th Amend US Const. Rights" and seeks to proceed *in forma pauperis*. While a plaintiff may bring an action in this court to obtain redress for a deprivation of rights under the Fourteenth Amendment, the court must be able to decipher what claims are being make. Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Consisting of one page, plaintiff's complaint is short. However, it is anything but plain.

    Plaintiff appears to claim that defendants conspired against her in depriving her of a number of rights, benefits and protections. However, the complaint is not clear as to what rights plaintiff is asserting under the broad rubric of the Fourteenth Amendment. The complaint fails to set forth any facts from which the nature of her claims can be determined. Plaintiff may not know the nomenclature of "due process", "equal protection" or other theories or bases upon which claims may

be made. But, without a description of the facts and details of the acts of which she complains the court cannot begin to fit her complaint into any of the grounds that might be available to her.

The complaint in this case is incomprehensible. It is impossible to determine what has happened and why plaintiff, who is seeking five million dollars, has any basis under federal law to obtain such a recovery.

The district court may deny *in forma pauperis* status and, even where the filing fee is paid, dismiss a complaint *sua sponte* if the complaint is frivolous, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory); see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000)). Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992)(also found superseded in that dismissal was within discretion of district court under section 1915(d) and now, under section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202 F.3d at 596.

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

It appears that plaintiff's claims stem from a denial of some kind of benefits to which she believes she is entitled. This is all the court can discern from her garbled complaint. This court cannot determine whether plaintiff has a claim or what it is or whether her claim is frivolous or wholly without merit. Finally, it appears that the defendants from whom plaintiff seeks monetary relief are state officials acting in their official capacity and, therefore, entitled to immunity under section 1915(e)(2)(B)(iii). The first named defendant is the Attorney General of the State of

California; one of the defendants is the Secretary of State for the State of California; and the third is merely referred to as a "Director" who had something to do with denying benefits.

If the *pro se* plaintiff can cure the factual allegations in order to state a claim, the court may give him leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

For the reasons articulated above the court cannot determine the gist of plaintiff's complaint and whether she can satisfy the requirements of Section 1915(e)(2)(B) or Rule 8(a). Therefore, the complaint is DISMISSED with leave to amend and the court defers ruling on plaintiff's application to proceed *in forma pauperis* until the court can determine whether plaintiff can state a claim that will survive *sua sponte* review.

Furthermore, while the court dismisses this complaint with leave to amend, it is also clear that this action should not be venued in this court. Plaintiff's residence is not alleged in the complaint; from the papers she has submitted, including the caption of the complaint, it appears that she lives in Rancho Cucamonga, California. The name of the city of her residence is abbreviated and somewhat indecipherable; however, her zip code, which appears on all of her papers, is 91730 which the court takes judicial notice is the zip code for Rancho Cucamonga. The addresses she gives for the defendants are all Sacramento, California addresses. Rancho Cucamonga is in the Central Distirct and Sacramento is in the Eastern District.

Neither plaintiff nor defendants nor the acts of which she complains occurred in the Northern District. While defendants may certainly be sued here, they may be sued in any county or district in California. There is no reason for this action to be in this District. Therefore, this action is TRANSFERRED pursuant to 28 U.S.C. 1404(a) to the United States District Court for the Central District of California.

If plaintiff amends her complaint, she shall do so within sixty (60) days of the date of this order and file it in the Central District, Eastern Division with the case number assigned by that court.[1]

3

**United States District Court**
For the Northern District of California

1   The Clerk of Court shall transfer this action and the file forthwith to the Clerk of Court for
2   the Central District, Eastern Division.
3       IT IS SO ORDERED.

6   Date: August 7, 2009

  MARILYN HALL PATEL
  Judge
  United States District Court
  Northern District of California

4

**ENDNOTES**

1. The Office of the Clerk of Court for the Eastern Division is located in Riverside, California. Plaintiff is referred to the website of the United States District Court for the Central District where she can obtain the address in Riverside and other necessary information.

    The website address is:   www.cacd.uscourts.gov

5